ERNESTO QUIÑONES SAMBOLÍN, demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 587     *Resuelto:* 21 de octubre de 1964

78

*Luis E. García Benítez,* y *S. L. Lagarde Garcés,* abogados del recurrente; *J. B. Fernández Badillo, Procurador General, Genoveva R. de Carrera, Procurador General Auxiliar,* y *J. F. Rodríguez Rivera, Subprocurador General,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Santana Becerra y Ramírez Bages.

El Juez Asociado Señor Santana Becerra emitió la opinión del Tribunal.

Afrontamos por primera vez la cuestión aquí en litigio. El caso fue sometido a la Sala sentenciadora en virtud de hechos estipulados que se resumen: Para el año natural de 1954 el Secretario de Hacienda determinó al demandante recurrente un ingreso neto tributable de $27,362.25 con una contribución de $9,360.49. Para el año siguiente de 1955 le determinó un ingreso neto tributable de $30,921.10 con una contribución de $10,195.25. Se observará que la contribución determinada para el año 1955 fue mayor que la contribución determinada para el año 1954.

En el año 1956 el Secretario de Hacienda le reconoció al contribuyente una pérdida neta de $28,933.27. Esta pérdida neta la retrotrajo al año anterior de 1955, con el resultado de que para dicho año de 1955 quedó un ingreso neto tributable de sólo $1,987.83, o sea, la diferencia entre el ingreso neto de $30,921.10 determinado por el Secretario para ese año menos el monto de esta pérdida. Al aplicarse el crédito personal de $2,000, no hubo contribución alguna a pagar en el año 1955. Pero como cuestión de hecho, y a base del ingreso declarado en su planilla, el contribuyente ya había pagado para el año de 1955 una contribución de $5,544.25 que, en las operaciones finales llevadas a efecto en este caso le fue acreditada por el Secretario.

Volviendo al año 1954, y como consecuencia del ingreso neto que le determinara el Secretario, resultó que para ese

año 1954 el contribuyente habría estado obligado a pagar la cantidad de $9,360.49 de contribuciones que, con sus intereses, penalidades y otros cargos, montó a $12,821.52. Contra esta suma el Secretario acreditó la contribución ya pagada para el año 1955 por el monto de $6,278.86 incluyendo intereses, para una diferencia aquí en litigio de $6,542.66. La Sala sentenciadora sostuvo la contribución.

Veamos ahora el derecho detrás de esos hechos. Al adoptarse la Ley de Contribuciones sobre Ingresos de 1954, se trajo a Puerto Rico el concepto del pago al corriente de la contribución, seguido algunos años antes en la legislación contributiva federal. Tradicionalmente la contribución sobre ingresos siempre se había pagado en el curso de un año a base del ingreso del año inmediatamente anterior, nunca a base del ingreso según éste se iba produciendo. El pago al corriente, en lo que aquí respecta, aparece estatuido en las Secs. 58, 59 y 60 de la Ley. Véase también el pago al corriente mediante la retención en el origen de salarios cuando se trata de este tipo de ingreso, provisto en las Secs. 141 y siguientes.

La Sec. 58 impone la obligación de rendir una planilla estimada de la contribución del año en curso en los casos, en la fecha, y con sujeción a las demás disposiciones contenidas en dicha sección. De ordinario la declaración estimada debe rendirse en o antes del 15 de abril del año contributivo, sujeto a ciertas excepciones. La Sec. 59 estatuye la manera de pagar la contribución estimada, en cuatro plazos iguales comenzando de ordinario el 15 de abril del año contributivo. La Sec. 60 contiene una serie de reglas especiales para aplicar las Secs. 58 y 59, entre ellas—60(a)—disposiciones particularmente aplicables a los agricultores. El contribuyente en este caso era un agricultor. Entre esas reglas especiales aparece la contenida en la Sec. 60(d) al efecto de que las disposiciones de las Secs. 58, 59, el párrafo (a) de la 60 aplicable a agricultores y lo dispuesto en la Sec. 294(d) (esta última se refiere a adiciones a la contribución) serían

de aplicación solamente a los individuos comprendidos en la Sec. 58(a) que dentro de los primeros tres meses y medio del año contributivo de 1955 hubieran optado, en la forma prescrita por el Secretario, porque dichas secciones les fueran aplicables respecto al año contributivo de 1955 y a los años contributivos sucesivos. La opción, una vez ejercida, sería y es irrevocable. Las partes estipularon que el contribuyente se acogió en tiempo y en manera correcta, mediante opción, a las referidas disposiciones.

La Sec. 60A que sigue se titula "Alivio para Individuos Sujetos a las Secciones 58 y 59" y dispone así:

"(a) *Contribuyentes Comprendidos.*—Esta sección se aplicará solamente a individuos que ejerciten la opción provista en la sección 60(d) en la forma y con sujeción a las condiciones que allí se proveen.(*)

"(b) *Concesión.*—Todo individuo comprendido en el apartado (a) de esta sección queda relevado del pago de la contribución correspondiente al año contributivo 1954, pero solamente hasta una cantidad que no exceda del monto de la contribución pagadera por dicho individuo por el año contributivo 1955.

.   .   .   .   .   .   .   .

"(d) *Prórroga para el Pago.*—A todo individuo comprendido en el apartado (a) de esta sección, cuya contribución para el año contributivo 1954 exceda de su contribución para el año contributivo 1955, se le concede un término de 18 meses, a contar de la fecha de la terminación de su año contributivo 1954, para el pago de dicho exceso sin intereses, penalidades u otras adiciones a su monto."

En relación con el pago al corriente mediante retención de salarios, hubo también parecida disposición de alivio bajo la Sec. 141A. De la misma manera se relevó del pago de la contribución correspondiente al año contributivo 1954 imputable a ingresos derivados de salarios, a aquellas personas que a partir del 1ro. de enero de 1955 sufrirían la reten-

---

(*) Así aparece en la Ley Núm. 7 de 6 de octubre de 1954, enmendatoria de la Sec. 60A.

ción en el origen de la contribución, hasta una cantidad que no excediera de la contribución pagadera por dichas personas para el año contributivo 1955 imputable a salarios, y sobre el exceso se concedió igual plazo de 18 meses para ser pagado sin intereses ni penalidades. [1]

Como se señaló al principio, el pago al corriente de la contribución mediante planilla estimada y mediante retención de salarios en la Ley de 1954 era una innovación que alteraba drásticamente la manera tradicional de tributar así como la base de ingreso de la tributación. Los que tuvieron oportunidad de palpar el pulso legislativo mientras se estuvo considerando la referida Ley, son conscientes de la seria preocupación del Legislador en cuanto al efecto económico que estas medidas iban a tener en la clase contribuyente como tal. Había preocupación por el hecho de que el contribuyente tendría que satisfacer a la vez la contribución del año anterior de 1954 y la contribución al corriente durante el año 1955. Ello daba lugar a cierta oposición y renuencia a adoptar el pago al corriente, particularmente en el caso de la retención en el origen de salarios. Por otra parte, el pago al corriente era deseable no sólo porque se anticipaba el cobro de la contribución sino también por el fenómeno económico en que la producción de ingreso venía en escala ascendente, 1954 más que en 1953; 1955 más que en 1954, y así, el cambio de año como base de ingreso producía mayor contribución aun cuando no se alteraran los tipos. Sin sacrificar el pago al corriente pero con la debida preocupación de su efecto inmediato para el contribuyente cubierto por el mismo, se le halló solución al problema mediante las disposiciones de alivio mencionadas que atemperaron ese efecto. [2]

---

[1] Las secciones citadas de la Ley de Contribuciones sobre Ingresos de 1954—Ley Núm. 91 de 29 de junio de 1954—aparecen en 13 L.P.R.A. (Ed. 1962) secs. 3058, 3059, 3060, 3060A, 3141, 3141A, 3294.

[2] Usando otros mecanismos el Congreso dio al contribuyente federal un tipo de alivio al adoptar allá en 1943 la Ley Núm. 68 proveyendo para el pago al corriente. 57 Stat. 126, 145.

■ La Sec. 60A y la Sec. 141A condonaron a los contribuyentes cubiertos por las Secs. 58 a 60, y 141, la contribución de 1954. Fue un acto de condonación. Véanse Secs. 60A-1 y 141A-1 del Reglamento de la Ley de 1954. Es de observarse, sin embargo, que por la misma razón de ser y la misma filosofía económica envuelta en las disposiciones de alivio, el Legislador condonó la contribución de 1954 sólo en aquella parte que era igual o no excedía a la de 1955, debiendo el contribuyente siempre pagar por el exceso, aunque para ello concedió también algún alivio en el plazo de pago de 18 meses ya aludido sin intereses.

El problema en este caso surge debido a una situación muy particular del mismo, lo cual hace que lo que aquí se decide posiblemento no tenga otra utilidad que el disponer de esta controversia entre las partes, ya que con posterioridad al año 1956 no era posible que una situación así se pudiera reproducir. El contribuyente no pagó la contribución del año 1954 ni como la declaró ni como le fue determinada por el Secretario. Pagó la de 1955 según la declaró. Tal como fue determinada por el Secretario, la contribución de 1955 era también mayor que la determinada para el 1954. Ante esa situación, la contribución determinada por el Secretario para el 1954, aunque mayor que la que se declaró, quedaba toda condonada por la Ley. El problema al contribuyente le ha surgido porque tuvo una pérdida en el año 1956 que, de acuerdo con la Sec. 122—13 L.P.R.A. (Ed. 1960) sec. 3122—

---

En general, véase la exposición del entonces Secretario de Hacienda, Sr. Sol Luis Descartes ante la Comisión de Hacienda de la Cámara en torno al Proyecto 935 (Ley Núm. 91 de 1954), empezando el 29 de junio de 1953. El Sr. Descartes anunció, refiriéndose al pago mediante retención de salarios, que se prepararía legislación a presentarse para condonar toda o parte de la contribución de un año al ponerse a un grupo de personas en el pago al corriente. Tr. de Vista, pág. 104.

Véase también la declaración del Sr. Beardsley Ruml, autor del pago al corriente federal, en 8 de julio de 1953 ante dicha Comisión. Tr. de Vista, pág. 252.

Véase Informe Adicional de la Comisión de Hacienda del Senado del P. de la C. 935, *Diario de Sesiones*, Vol. 4, Tomo 4, a la pág. 2150.

fue retrotraída al año 1955. Esta pérdida absorbió todo ingreso tributable del 1955 resultando que no había contribución alguna a pagar para ese año. Esto, a la vez, produjo el hecho en cadena que la contribución para el 1954 resultaba exceder en su totalidad la de 1955 que se convirtió en cero. En su consecuencia, parte alguna de la contribución de 1954 quedaba condonada.

Si se consideran estos hechos a la luz de las motivaciones de la Sec. 60A, es obvio que el contribuyente no recibió ni recibe, ni tuvo que encarar a la vez, el doble impacto económico que quiso evitar el Legislador. No pagó la contribución de 1954 en el curso del año 1955, y la de 1955 que pagara al corriente se le devuelve. Sostiene que al hacérsele pagar la contribución de 1954 se le penaliza por el hecho de que recibiera el beneficio de una pérdida retrotraída, a lo cual tiene derecho bajo la Ley. No hay tal castigo o penalidad. La situación del contribuyente es consecuencia inevitable de un hecho no creado por el Secretario, cual fue su pérdida neta en el 1956 que para su beneficio absorbió todo el ingreso tributable de 1955. Sostiene también que al acogerse él al pago al corriente se obligó irrevocablemente a esta forma de pago más beneficiosa al Erario en todos los años de ahí en adelante y no sólo para el año 1955 y lo ocurrido posteriormente no debe alterar la situación bajo la cual él se obligó. Aunque así fuera, y cualesquiera que fueran las circunstancias, este Tribunal no puede llevar la condonación de 1954 más allá de los términos expresos en que la condonación fue concedida. Resolver que la contribución de 1954 fue condonada también en todo lo que excediera de la contribución de 1955 ó que fue condonada sin tomar en cuenta la existencia o no de una contribución en 1955 sería contrario, no sólo a la letra de la Ley sino también a su propósito.

En los autos se trata el caso como uno de deficiencia. Técnicamente éste no es el caso de una deficiencia para el

1954 en el monto determinado por el Secretario, ya que aun así éste era menor que la contribución de 1955. Éste es el caso de un ajuste de la posición del contribuyente motivado por un hecho posterior, a la luz del equilibrio contributivo creado entre los años de 1954 y 1955 en virtud de las Secs. 58–60 ya mencionadas. Por esa razón, todo concepto de penalidad al contribuyente por la situación contributiva resultante como consecuencia de hechos ocurridos con posterioridad a la radicación de su planilla, no procede. El que el contribuyente venga obligado a pagar una contribución para el año 1954 no se debe a negligencia o a ignorancia intencional de las reglas y reglamentos, y sí a la existencia de ese hecho posterior del cual no es culpable.

*Modificándose en ese sentido, se confirmará la sentencia que dictó la Sala de San Juan del Tribunal Superior sosteniendo la contribución para el año 1954.*

